UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>ELEANOR LaVELLE MILLER,<br><br>                    Debtor.<br><br>DEBRA KEATING,<br><br>                    Plaintiff,<br>   vs.<br><br>DEUTSCHE BANK NAT'L TRUST CO.,<br>NORTHWEST TRUSTEE SVCS., INC., and<br>VANESA PANCIC, Trustee,<br><br>                  Defendants. | Bankruptcy Case<br>No. 14-62036-fra7<br><br><br><br>Adversary Proceeding<br>No. 16-06023-fra<br><br><br><br><br>MEMORANDUM OPINION |

Plaintiff filed an Amended Complaint on February 22, 2016[1] against Deutsche Bank National Trust Co. ("Deutsche Bank'), Northwest Trustee Services, Inc. ("NWTS"), and against the Trustee in the Chapter 7 bankruptcy case of Eleanor Miller. She seeks against the first two Defendants, on a number of theories, a judgment preventing the foreclosure of her real property. Against Ms. Pancic, the Plaintiff seeks a money judgment for the alleged negligence of the Trustee. All Defendants have filed motions for dismissal of the

// // //

---

[1] The original complaint was filed February 10, 2016.

Page 1 - MEMORANDUM OPINION

claims against them, to which the Plaintiff has filed responses in opposition. The Court took the matter under advisement at the conclusion of a hearing held on April 28, 2016.

FACTS

The Complaint alleges that the Debtor purchased a parcel of land and secured the loan obtained for such purchase with a trust deed in favor of Deutsche Bank's predecessor in interest. The land is identified as 296 14th St. NE, Salem, Oregon. Deutsche Bank became the holder of the beneficial interest in the trust deed by assignment in March 2005. In 2006, subsequent to the initial purchase of the property, the Debtor divided the property into two parcels identified as follows: (1) 296 14th St. NE, Salem ("14th St. property"), and (2) 1440 Chemeketa NE., Salem ("Chemeketa property"). The second and smaller parcel is the subject of this lawsuit.

The Debtor filed a Chapter 7 bankruptcy on May 29, 2014. Schedule D, attached as part of the bankruptcy petition, indicates two creditors with secured claims. Chase is indicated as holding the "Primary Mortgage on Both Properties" for 296 14th St. NE, Salem, OR 97301 and for 1440 Chemeketa St. NE, Salem, OR 97301. Bank of America is indicated as holding a Second Mortgage against the property at 1440 Chemeketa St. NE, Salem, OR 97301.

On July 30, 2014, the Trustee filed applications to employ a real estate broker to sell the two properties and on August 20 a Notice of Intent was filed to sell the Chemeketa property to Plaintiff. The Notice stated that the property would be sold at a gross sales price of $89,900 and that the bankruptcy estate would receive a "$10,000 carve out" from the proceeds. Liens against the property were disclosed as "na." The signed Residential Real Estate Agreement attached to the Notice of Intent provides at Section 6 that "Seller shall convey marketable title to the Property by statutory warranty deed (or good and sufficient personal representative's or trustee's or legal fiduciary deed, where applicable), free and clear of all liens of record," excepting certain property taxes, certain defined restrictions and reservations and other easements and restrictions of record, and "those matters accepted by Buyer pursuant to Section 5 above."

An objection to the sale was filed on September 16, 2014 by Bank of America, which had a trust deed lien against the Chemeketa property for a loan taken out by the Debtor in 2007 in the principal amount of

Page 2 - MEMORANDUM OPINION

$50,000. The objection indicated that the Trustee could not sell the property without paying Bank of America's lien in full, unless written agreement was first obtained from the Bank. The objection was apparently resolved, because Bank of America withdrew its objection to the sale on October 30, 2014.

On May 28, 2015, the Trustee filed the "Trustee Report of Sale" for the Chemeketa property. It indicates a gross sale price of $75,000, with a payment of $51,157.57 for "Payoff of first mortgage loan - Bank of America." There was a "Net to estate (carve out fees to Trustee)" of $16,690.31. The closing date was October 14, 2014. The Trustee's Deed granted to the Plaintiff indicates in the blank section under the conveyance language: "AS IS, without warranty expressed or implied, and without any representation as to the property's fitness or suitability for any particular purpose, and subject to any and all liens and encumbrances." Consideration for the conveyance is indicated to be $75,000.

The Amended Complaint alleges that the legal description for the Chemeketa property, and not that of the original undivided property, was used and referred to in connection with the marketing of the Chemeketa property, the title search relating to the sale, and the closing of the sale to Plaintiff in escrow. At no time, it further alleges, did Deutsche Bank make any objection to the sale of the Chemeketa property or to the fact that it received none of the proceeds of the sale.

On May 29, 2015, the Trustee filed a Notice of Intent to sell the 14th Street property which contains a legal description of the property which excludes the Chemeketa property, according to the Amended Complaint. Deutsche Bank filed an objection to the sale of the 14th St. property. It did not object to the sale *per se*, but objected to the entry of any order providing less than full payment to Deutsche Bank without its consent. On September 29, 2015, Deutsche Bank recorded a non-judicial notice of default and election to sell with the Marion County Clerk.[2]

An Amended Notice of Intent to sell the 14th St. property was filed by the Trustee on May 3, 2016 which provides for a sale of the property to an unrelated party for $130,000 and discloses liens against the

---

[2] Deutsche Bank had obtained a default order from the bankruptcy court on August 5, 2014 granting it relief from the automatic stay to foreclose its interest in Debtor's property at "296 14th Street NE, Salem, OR 97301."

Page 3 - MEMORANDUM OPINION

property of $226,854.75.  It indicates that the lienholder had agreed to a "carve out" of $10,000 to the estate from the proceeds of the sale.

MOTION TO DISMISS

Review of a complaint under Fed.R.Civ.P. 12(b)(6) is based on the contents of the complaint, the allegations of which are accepted as true and construed in the light most favorable to the plaintiff.  North Slope Borough v. Rogstad (In Re Rogstad), 126 F.3d 1224, 1228 (9th Cir. 1997)(citations omitted).  "[O]nce a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007)(internal citation omitted).  This standard requires "enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the cause of action]."  Id. at 556.  However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Naert v. Daff, (In Re Washington Trust Deed Service Corp.), 224 B.R. 109, 112 (9th Cir. BAP 1998).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

In considering the motion, the court may not consider any material "beyond the pleadings."  Hal Roach Studios. Inc. v. Richard Feiner and Co. Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  However, material which is properly submitted as part of the complaint may be considered.  Id.  Exhibits submitted with the complaint may also be considered.  Durning v. The First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Further, a document whose contents are alleged in the complaint, or which is crucial to the complaint, and whose authenticity no party questions, but which is not physically attached to the pleading, may be considered.  Branch v. Tunnell, 14 F.3d 449, 453-454 (9th Cir. 1994), cert. den. 119 S. Ct. 510 (l998)(contents alleged in, but not attached to, complaint); Parrino v. FHP, Inc., 146 F.3d 699, 705-706 (9th Cir. 1998)(not specifically alleged and unattached, but integral to plaintiffs claims).  Finally, matters that may be judicially noticed may be considered, Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds, Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104

Page 4 - MEMORANDUM OPINION

(1991), including court records in related or underlying cases. In re American Continental Corp./ Lincoln Sav. & Loan Securities Litigation, 102 F.3d 1524, 1537 (9th Cir. l996), rev'd on other grounds sub nom., Lexecon Inc. v. Milberg Weiss Bershad Hynes and Lerach, 523 U.S. 26 (1998).

## CLAIMS AGAINST DEFENDANTS

A. Claims Against Deutsche Bank and NWTS[3] [4]

1. Waiver:

PLAINTIFF'S STATED GROUNDS: By failing to timely object to the sale of the Chemeketa property to Plaintiff, by failing to claim the right to sale proceeds from such sale, allowing them to instead be paid to Bank of America, N.A., by failing to object to the Trustee's report, and by failing to ensure that the sales agent or Plaintiff were made aware of a potential lien claim, Deutsche Bank has waived its lien rights against the Chemeketa property.

MOTION TO DISMISS: Plaintiff has not pleaded any of the elements of waiver or estoppel to support "an intentional relinquishment of a known right" or "a misrepresentation and [plaintiff's] reliance thereon." Further, the complaint does not allege facts supporting the conclusion that Defendant was ever provided adequate notice of the proposed sale.

2. Estoppel:

PLAINTIFF'S STATED GROUNDS: In addition to the grounds given for the waiver claim, Plaintiff has materially changed her position in reliance on there being no postpurchase lien claims against the Chemeketa property. In particular, she has expended approximately $80,000.00 in renovating the property, which is now her sole personal residence.

---

[3] NWTS is the trustee holding the Chemeketa property trust deed in which Deutsche Bank holds the beneficial interest, and is the party that would conduct any non-judicial foreclosure. It has joined in the motion to dismiss filed by Deutsche Bank.

[4] In addition to the four claims to be listed, there is a fifth claim for declaratory relief seeking a judgment determining whether the Defendants may proceed with a foreclosure and a sixth claim to enjoin any foreclosure pending the outcome of this lawsuit. The fifth claim is dependent on the previous four claims and therefore will not be discussed in this opinion. The sixth claim is the subject of a separate proceeding.

Page 5 - MEMORANDUM OPINION

1  MOTION TO DISMISS: See response under Waiver, above.

2  3. Bona Fide Purchaser:

   PLAINTIFF'S STATED GROUNDS: Plaintiff had neither actual nor record knowledge of Deutsche Bank's lien claim at the time of her purchase. As a bona fide purchaser for value, Plaintiff acquired the Chemeketa property free and clear of any lien claim by Deutsche Bank.

   MOTION TO DISMISS: The status of the Plaintiff as a bona fide purchaser for value "is an affirmative defense" rather than a claim. Accordingly, Plaintiff cannot assert bona fide purchaser status as a claim to obtain relief against the Trust.[5]

4. Marshaling:

   PLAINTIFF'S STATED GROUNDS: Under the equitable doctrine of marshaling, Deutsche Bank must separately liquidate the 14th Street parcel, and pursue any other sources of recovery, before it is allowed to sell the Chemeketa property.

   MOTION TO DISMISS: Plaintiff fails to plead any elements of marshaling, an equitable doctrine that has no application to the facts alleged in the Amended Complaint. Marshaling is the equitable principle that "where a senior creditor has recourse to two funds and a junior creditor has recourse to but one of them, the senior creditor must seek to satisfy itself first out of the fund in which the junior creditor has no interest."

B. Claim Against Vanesa Pancic, Chap. 7 Trustee:

1. Negligence:

   PLAINTIFF'S STATED GROUNDS: Defendant knew at all times that there were two liens against the Chemeketa property, as that fact was disclosed in the Debtor's schedules, notwithstanding the fact that the first lienholder was described as "Chase." The Plaintiff made various "errors and omissions" in disposing of the Chemeketa property, including:

---

[5] Defendant also states as grounds that Plaintiff was on constructive notice of the liens against the property due to their disclosure in Debtor's Schedule D filed with Debtor's bankruptcy petition. The court is not prepared at this stage of the proceedings to determine, based on the facts and circumstances existing at the time of the sale, whether Plaintiff had a duty to examine the Debtor's bankruptcy petition and schedules.

Page 6 - MEMORANDUM OPINION

a. failing to disclose to plaintiff, the escrow agent, and the realtor the existence of two liens against the Subject Property;

b. failing to obtain an order prior to sale allowing the sale of the Subject Property free and clear of liens;

c. disbursing the proceeds of the sale of the Chemeketa property to Bank of America, which held only a junior lien arising from a home equity line of credit, rather than to defendant Deutsche Bank, the holder of the superior lien arising from the primary mortgage, and which had and has the first and proper right to the sale proceeds.

Plaintiff was harmed as a result of Defendant's negligence, the Defendant's liability for which is not relieved by the Trustee's deed which includes the statement "AS IS without warranty."

MOTION TO DISMISS: Trustee did not sell the property free and clear of liens and the Plaintiff did not request that the Defendant do so. Plaintiff failed to plead facts necessary to a negligence claim, including

a. that the Trustee caused a foreseeable risk of harm,

b. that the risk is of a kind that the law protects,

c. that the Trustee's conduct was unreasonable in light of the risk, that the Trustee's conduct was the cause of Plaintiff's harm, and

d. that Plaintiff was within the protected class.[6]

## DISCUSSION

A. Claims Against Deutsche Bank and NWTS

1. Waiver:

Waiver requires the "voluntary relinquishment or abandonment - express or implied - of a legal right or advantage. . . . The party alleged to have waived a right must have had both knowledge of the existing

---

[6] Defendant also adds that the Trustee was entitled to rely on a preliminary title report which did not disclose the existence of Deutsche Bank's lien. A copy of the preliminary title report is attached as an exhibit to the Defendant's motion to dismiss, but is not attached to, or otherwise referred to in, the complaint. Accordingly, the court may not take the preliminary title report into consideration in the context of this motion to dismiss.

Page 7 - MEMORANDUM OPINION

right and the intention of forgoing it." Black's Law Dictionary 1611 (8th ed. 2004).

> [I]n the absence of an express agreement a waiver will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless by his conduct the opposite party has been misled, to his prejudice, into the honest belief that such waiver was intended or consented to. To make out a case of waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such a purpose or acts amounting to an estoppel on his part.

Brown v. Portland School Dist. No. 1 (1981) (citing Waterway Terminals v. P.S. Lord, 242 Or. 1, 26-27, 406 P.2d 556 (1965)).

The Complaint fails to allege facts that Deutsche Bank had notice of the sale of the Chemeketa property sufficient to enable it to enforce its right to the proceeds of the sale. Moreover, because the Trustee did not notice a sale of the property free and clear of liens, a failure by Deutsche Bank to object to the sale, or to otherwise enforce its right to the proceeds, does not necessarily lead to the conclusion that Defendant waived or abandoned its lien rights in total. Its lien continued in the property after the sale; a failure to enforce its right to the proceeds of the sale would waive only its right to those proceeds.

2. Estoppel:

> To constitute an equitable estoppel, or estoppel by conduct, there must (1) be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. State v. Claypool, 145 Or. 615, 28 P.2d 882; Bramwell v. Rowland, 123 Or. 33, 261 P. 57; Oregon v. Portland General Electric Co., 52 Or. 502, 528, 95 P. 722, 98 P. 160; 31 C.J.S., Estoppel, § 67, page 254.

Earls v. Clark, 223 Or. 527, 531, 355 P.2d 213 (1960).

While the Complaint does not allege facts necessary to make a claim for the standard definition of equitable estoppel, "a doctrine . .. has been advanced as an alternative branch of estoppel, estoppel through 'standing by without action.' See Belleville v. Davis, 262 Or. 387, 498 P.2d 744 (1972). In Belleville, a specific performance case, the court recognized that type of estoppel, quoting Prosser, Torts 692-93, s 105 (4th ed) " Brown v. Portland Public School Dist. No. 1 at 84-85:

> The second branch does not depend upon positive misrepresentation, but is based upon a mere failure to take action. It arises where the party 'stands by' and allows another to deal with his property, or to incur some liability toward him, without informing the other of his

Page 8 - MEMORANDUM OPINION

mistake. Thus he may not remain silent when he sees his goods sold to a stranger, or improvements made upon his land, and still enforce his rights against the innocent wrongdoer. The law of estoppel creates a duty to speak, under penalty of loss of the right to assert the truth at a later time. Since in such a case there is no active misleading of the other party, who has misled himself, the courts have insisted upon some fault in connection with the conduct of the one to be estopped. There is no estoppel where he had remained silent reasonably and in good faith; he must be aware of his rights, and must realize that the other is about to act under a mistaken belief. Thus this branch of estoppel requires either an intent to mislead or unreasonable conduct amounting to negligence in failing to act, rather than the strict responsibility imposed in estoppel by misrepresentation."

Id. at 85 (citing Belleville v. Davis at 398, n.6, 498 P.2d 744).

In essence, the claim in the present case would be that Deutsche Bank knew that Plaintiff was about to act in a manner contrary to her interests, without knowledge of the true facts, but failed to act. A claim for estoppel on the alternative theory will be allowed if the Complaint is amended to state the claim with more clarity.

3. Bona Fide Purchaser:

As Deutsche Bank states in its motion to dismiss, the Bona Fide Purchaser For Value claim is actually a defense to the foreclosure action, rather than a cause of action. Schoor v. Cal-Western Reconveyance Corp. (In re Kennedy), No. 09-64432 )Bankr. D.Or. Jan. 19, 2011). Accordingly, the claim must be dismissed. However, it could be combined in an amended complaint with, for example, a claim for injunctive relief or a claim to quiet title in the Plaintiff.

4. Marshaling:

While the "two-funds doctrine" described by Deutsche Bank in its motion to dismiss is the usual fact pattern in a claim for marshaling, there is a second principle for marshaling called the "inverse order of alienation rule." Under the "inverse order of alienation rule," a mortgagee holding the senior lien on an entire tract of land which has been sold in separate parcels must satisfy his debt out of the land retained by the mortgagor-grantor, if possible, and if that is insufficient must then resort to the parcels sold in the inverse order of their alienation. Grant Nelson and Dale Whitman, Real Estate Finance Law § 10.9 (2d ed. 1985).

The second principle for marshaling fits the fact pattern in the present case and would require that Deutsche Bank satisfy its debt from the 14th Street parcel before foreclosing its interest in the Plaintiff's

Page 9 - MEMORANDUM OPINION

parcel. The claim for marshaling will therefore be allowed, but should be amended to allege that Plaintiff would benefit, without prejudice to Deutsche Bank, by requiring the sale of the 14th Street parcel, and application of the proceeds to the loan, before resorting to a sale of the Chemeketa property.

B. Claim Against Vanesa Pancic, Trustee

1. Negligence:

The Complaint essentially argues that the Trustee acted in a negligent manner in the sale of the Chemeketa property to Plaintiff, leading to the possible loss of some or all of the funds expended by Plaintiff in purchasing and improving the property.

Under Oregon law, "a negligence claim for the recovery of economic losses caused by another must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." Onita Pacific Corp. v. Trustees of Bronson, 315 Or. 149, 159, 843 P.2d 890 (1992). "In arms-length negotiations, economic losses arising from a negligent misrepresentation are not actionable." Id. at 161-62. "When an aggrieved person is a buyer, who does not complain of the negligent performance of a service but rather of misrepresentation by a seller inducing the making of a contract, the conceptual mold has been different from the inception of modern contract law: the options have been to sue on the contract or to sue in deceit, without a middle ground consisting of actionable negligence." Id. at 162 (citing Hill, Damages for Innocent Misrepresentation, 73 Colum L Rev 679, 688 (1973)).

The Complaint fails to allege that the Trustee had a duty to protect her buyer by becoming and remaining aware of the senior lien against the property and notifying the buyer of its existence prior to the sale. The Complaint must allege and describe the origin of this duty, the Trustee's unreasonable failure to exercise that duty, and that the alleged failure was the proximate cause of the Plaintiff's damages.

// // //

// // //

// // //

// // //

## CONCLUSION

The Defendants' motions to dismiss will be granted and denied as discussed above. An order will be entered by the Court on the motions to dismiss, allowing Plaintiff to file an amended complaint within 28 days of its entry.

FRANK R. ALLEY, III
Bankruptcy Judge

Page 11 - MEMORANDUM OPINION